UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

<u>NOT FOR PUBLICATION</u>

```
-------------------------------------------------------X
                                                       :    Civil Action 09-6295 (PGS)
MICHAEL NONIO                                          :
                                                       :
                Plaintiff,                             :    OPINION
        v.                                             :
                                                       :    February 22, 2011
SHERIFF EDWARD ROCHFORD,                               :
UNDERSHERIFF RALPH McGRANE,                            :
WARDEN FRANK CORRENTE, and                             :
JOHN DOES 1-50,                                        :
                                                       :
                Defendants.                            :
-------------------------------------------------------X
```

<u>SALAS</u>, <u>UNITED STATES MAGISTRATE JUDGE</u>:

## I. INTRODUCTION

Pending before this Court is a motion filed by non-party Peter A. Ouda, LLC ("Movant") to quash a subpoena dated September 15, 2010 (the "Subpoena") served by Plaintiff Michael Nonio ("Plaintiff"). (Docket Entry No. 41, the "Motion"). The Subpoena seeks production of non-privileged documents relating to a legal malpractice claim filed by Plaintiff's former wife, DeAnna Ciccarelli, against Michael Resnick, Esq., the attorney who represented Ms. Ciccarelli in divorce and domestic violence proceedings against Plaintiff. For the reasons set forth below, the motion is **GRANTED**.

## II. BACKGROUND

Plaintiff brought this action following an alleged improper arrest that occurred on December 12, 2008 (the "Arrest") after police searched Plaintiff's home without probable cause on three occasions looking for firearms. (Docket No. 1, "Complaint" at ¶¶ 9, 13). The police charged Plaintiff

with possession of a firearm by a person who is subject to a restraining order in violation of N.J.S. 2C:39-7b(3). (*Id.* at ¶ 10). Ms. Ciccarelli obtained the restraining order against Plaintiff as a result of a domestic violence dispute. (*See* Plaintiff's Brief in Opposition to Motion to Quash Subpoena filed by Movant, Peter A. Ouda, LLC ("Pl. Brief") at 5). Plaintiff was unable to post bail, and remained incarcerated from the date of his arrest until March 27, 2009. (Complaint at ¶ 16). During his incarceration, Plaintiff contends that he was strip-searched multiple times "in an unprofessional manner in the presence of other detainees" in violation of his Fourth Amendment and civil rights. (*Id.* at ¶¶ 17, 18). Plaintiff alleges that the arrest and subsequent incarceration violated his rights under the Fourth Amendment, the due process clause of the Fourteenth Amendment, the New Jersey Constitution, and the New Jersey Civil Rights Act.

On December 11, 2009, Plaintiff filed the Complaint in this action. On September 15, 2010, Plaintiff served Movant with the Subpoena. (*See* Docket Entry No. 41-2, Ouda Certification at ¶ 4). Movant is a lawyer who is currently representing Ms. Ciccarelli in a legal malpractice suit against Michael Resnick, Esq. (*See* Brief on Behalf of Peter A. Ouda, LLC in Support of a Motion to Quash a Subpoena ("Movant Brief") at 1). Mr. Resnick represented Ms. Ciccarelli during the divorce and domestic violence proceedings which resulted in a permanent restraining order against Mr. Nonio. (Pl. Brief at 5). Ms. Ciccarelli has sued Mr. Resnick for malpractice alleging, among other things, that she had a sexual relationship with Mr. Resnick while he represented her. (*Id.* at 6).

Plaintiff seeks documents "relating to the lawsuit filed by DeAanna Nonio [against the] Law Offices of Michael Resnick ... specifically including all motions and exhibits attached thereto, all discovery exchanged in the matter, interrogatories and notices to produce on all parties, answers to interrogatories and responses to notices to produce served on all parties ... court orders and transcripts

of proceedings." (Ouda Certification, Exhibit A). On October 18, 2010, Movant filed the Motion seeking to quash the Subpoena on relevancy grounds, arguing that the malpractice action against Mr. Resnick has no connection to Plaintiff's claims of false arrest against the Morristown Police Department and Department of Corrections. On November 1, 2010, Plaintiff filed his opposition, arguing that: (1) the documents are relevant because they could provide evidence that, motivated by his sexual relationship with Ms. Ciccarelli, Mr. Resnick used his connections with the Morris County Prosecutor's office "to encourage ... the prosecution of false charges" against Plaintiff; and (2) that Movant failed to show that Plaintiff's subpoena is unduly burdensome. (Pl. Brief at 6).

### III.   ANALYSIS

**A.   The Scope of Discovery in Federal Litigation**

The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...." Fed. R. Civ. P. 26(b)(1); *Jones v. DeRosa*, 238 F.R.D. 157, 163 (D.N.J. 2006); *OMS Invs., Inc. v. Lebanon Seaboard Corp.*, Civil Action No. 08-2681, 2008 WL 4952445 at *2 (D.N.J. Nov. 18, 2008). However, this broad discovery rule is not without its limits. "A Rule 45 subpoena served in conjunction with discovery must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1)." *Schmulovich v. 1161 Rt. 9 LLC*, Civil Action No. 07-597, 2007 WL 2362598, at *2 (D.N.J. Aug. 15, 2007). A court possesses authority to quash or modify a subpoena upon a timely motion by the party served if it falls outside the scope of permissible discovery. *See id.*

**B.   Relevancy**

Courts generally find that evidence is relevant if it "encompass[es] any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the

case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  However, "the scope of discovery has 'ultimate and necessary boundaries.'" *Jones*, 238 F.R.D. at 163 (citing *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).  As such, evidence is not discoverable if it is not "reasonably calculated to lead to the discovery of admissible evidence." *Id*.  When determining whether documents are relevant, courts are instructed to view the evidence "in light of the allegations of the complaint, not as to evidentiary admissibility." *Id*. (quoting *Scouler v. Craig*, 116 F.R.D. 494, 496 (D.N.J. 1987)).

Plaintiff has not sustained his burden to demonstrate that the non-privileged documents in Movant's possession are relevant and will lead to the discovery of admissible evidence.  Plaintiff argues that the documents he seeks are relevant to his false arrest claims because Mr. Resnick represented Ms. Ciccarelli in her divorce proceedings, which included obtaining the final restraining order against Plaintiff.  Plaintiff alleges that the police arrested him for violating the final restraining order and accuses Mr. Resnick of taking "an unusual interest" and "being overly zealous" in the domestic violence and divorce proceedings brought against Plaintiff.  *See* Pl. Brief at 10.  Moreover, Plaintiff points out that Ms. Ciccarelli has since brought legal malpractice claims against Mr. Resnick, citing a sexual relationship that occurred between the two while Mr. Resnick was representing her.  As such, Plaintiff believes that Mr. Resnick "may have used his connections with the Morris County Prosecutor's office to encourage or otherwise advance the prosecution of false charges against the Plaintiff," and contends that he is entitled to discover non-privileged documents in Mr. Ouda's file relating to the legal malpractice suit in order to investigate his theory. *Id*. at 10-11.

Plaintiff, however, has not made a sufficient connection between the divorce and domestic violence proceedings, the malpractice action and the Arrest.  The only connection apparent to the

4

Court is that the restraining order that Plaintiff allegedly violated was entered as a result of the divorce and domestic violence proceedings. Merely because Mr. Resnick represented Ms. Ciccarelli in obtaining the restraining order does not lead to the conclusion that he had any involvement in Plaintiff's subsequent arrest. In fact, it appears that Mr. Resnick's representation related to the restraining order was complete by the time the arrest occurred. As such, the Court does not find that Plaintiff has adequately demonstrated the relevance of the requested documents. Therefore, the Court will grant Movant's Motion to Quash.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** the Motion. A separate order shall issue.

**SO ORDERED.**

*s/Esther Salas*
**Esther Salas**
**UNITED STATES MAGISTRATE JUDGE**